UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INNOVATIVE MEDIA GROUP, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL BEYS, et al.,<br><br>Defendants. | Case No. 2:22-cv-01184-JCM-EJY<br><br>**ORDER** |

Before the Court is Defendants' Motion to Stay Pending Resolution of Defendants' Motion to Dismiss. ECF No. 43. The Court considered Defendants' Motion, Plaintiffs' Opposition (ECF No. 45), and Defendants' Reply (ECF No. 49).

The law is clear that the filing of a dispositive motion does not automatically warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). However, a court may limit discovery for good cause and continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citing *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978)). Nevertheless, under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this reason, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should be halted. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to issue a stay, a court may take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Medical Examiners*, No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at \*1 (D. Nev. March 7, 2011). In doing so, the court will consider whether the pending motion is potentially dispositive of the entire case and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602.

The Court adopts a standard when reviewing the merits of the motion to dismiss that best effectuates Fed. R. Civ. P. 1 goals for the "just, speedy, and inexpensive" determination of actions.

*Id*. at 602-03.  Even if discovery will involve inconvenience and expense, this is insufficient, without more, to support a stay of discovery.  *Turner Broadcasting*, 175 F.R.D. at 556.  Motions to dismiss are frequently part of federal practice and "[a]n overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases."  *Trzaska v. Int'l Game Tech.*, Case No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011).  For this reason, the U.S. District Court for the District of Nevada hold that "[a] stay of all discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief."  *Tradebay*, 278 F.R.D. at 603 (discussing holdings of *Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989), and *Turner Broadcasting*, 175 F.R.D. 554).

Here, the Court considered the arguments presented in the Motion to Dismiss, the Opposition, and the Reply.  The Court is not convinced these arguments will prevail such that the entirety of the action will be dismissed with prejudice.  That is, the Court finds the pending Motion to Dismiss, asserting a lack of jurisdiction, is not likely to be case dispositive.  No other issues presented convince the Court that a complete stay of discovery is justified.

Further, Defendants' argument that a stay is likely to be brief because their Motion to Dismiss "is susceptible to straightforward and expedient decision" is based on a false assumption.  The issues presented by the parties are anything but the type of issues that are likely to be decided with ease.  Indeed, the Motion to Dismiss was fully briefed as of November 3, 2022, and Defendants' Motion to Expedite, filed on December 16, 2022, was denied by the Court on January 4, 2023.

Nonetheless, under the Court's inherent authority to manage discovery, the Court finds curtailing discovery during the pendency of the present motion practice effectuates the goals of Fed. R. Civ. P. 1.  Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Stay (ECF No. 43), which seeks a stay of all discovery, and not a stay of all proceedings, is DENIED in part.

IT IS FURTHER ORDERED that if the initial exchange of information required under Fed. R. Civ. P. 26(a)(1) has not been exchanged, the documents and list of persons with knowledge required by the Rule must be exchanged within fourteen (14) days of the date of this Order.

IT IS FURTHER ORDERED that the parties must meet and confer regarding a limited discovery plan and scheduling order that allows written discovery only until such time as the Motion to Dismiss is decided by the Court. Depositions and third party discovery is stayed until the Motion to Dismiss is resolved.

IT IS FURTHER ORDERED that the parties must file a stipulated discovery plan and scheduling order, compliant with the content of this Order, no later than **February 10, 2023**.

IT IS FURTHER ORDERED that the Stipulated Discovery Plan and Scheduling Order at ECF No. 47 is DENIED as moot.

Dated this 30th day of January, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3