1
2
3
4        UNITED STATES DISTRICT COURT
5        DISTRICT OF NEVADA
6                    * * *
7  INNOVATIVE MEDIA GROUP, INC., et al.,        Case No. 2:22-CV-1184 JCM (EJY)
8                              Plaintiff(s),                     ORDER
9        v.
10 MICHAEL BEYS, et al.,
11                           Defendant(s).
12
13        Presently before the court is defendants Michael Beys, Richard De Silva, Lateral U.S.
14 Opportunities Fund AI, L.P., Lateral U.S. Credit Opportunities Fund QP, L.P., Lateral Credit
15 Opportunities, LLC, Lateral Investment Management, LLC ("LIM"), Lateral Feeder, LLC, and
16 Lateral Juscom Feeder, LLC's[1] (collectively, "defendants") renewed motion to dismiss, or in the
17 alternative, for summary judgment as to the claims in Case No. 2:22-cv-01184-JCM-EJY (the
18 "derivative action").  (ECF No. 93).
19
20        Also before the court is defendants Beys, De Silva, and FTE Networks, Inc.'s ("FTE")
21 renewed motion to dismiss the claims in Case No. 2:22-cv-01362-CDS-VCF (the "proxy
22 action").  (*Id.*).  Plaintiffs Innovativ Media Group, Inc. ("Innovativ") and TTP8, LLC ("TTP8")
23 filed a response to both motions (ECF No. 100), to which defendants replied.  (ECF No. 102).
24 . . .
25 . . .
26
27
28
────────────────────
[1] Collectively, the "lateral entities."

**James C. Mahan**
**U.S. District Judge**

1

## I.    Background

2

This consolidated action arises out of two cases: (1) the derivative action, and (2) the

3

proxy action.  Innovativ and TTP8 filed the derivative action against Beys, De Silva, and the

4

lateral entities.  Innovativ filed the proxy action against Beys, De Silva, and FTE.

5

6

A.  The derivative action

7

The derivative action arises out of alleged breaches of fiduciary duties and fraud.[2]  (ECF

8

No. 34).  TTP8 allegedly agreed to assume $3,900,000 of FTE's debt in exchange for 4.1 million

9

shares of FTE.  (*Id*. at 47).

10

FTE's debt was owed to TBK Partners 327, LLC and Suwyn Investments, LLC.  (ECF

11

No. 93 at 10).  Declarations submitted by the managers of TBK Partners 327, LLC and Suwyn

12

Investments, LLC represent that TTP8 never acquired legal right, title, and interest in the subject

13

14

debt.  (ECF No. 94, Ex. 1).

15

The gravamen of TTP8's federal law claims is that De Silva and LIM engaged in a

16

scheme and made misrepresentations as to FTE's financials to induce TTP8 to assume FTE's

17

debt in exchange for the shares.  (ECF No. 34 at 50).  The derivative action alleges a total of five

18

state law claims and two federal law claims.[3]

19

20

. . .

21

. . .

22

23

24

[2]  The court recites only those facts related to TTP8's securities fraud claims.

25

[3]  All plaintiffs allege the following state law claims: (1) direct breach of duty of loyalty
against Beys and De Silva; (2) derivative direct breach of duty of loyalty against Beys and De

26

Silva; (3) derivative breach of fiduciary duty of competency against Beys and De Silva; (4)
derivative constructive trust against the lateral entities; and (5) unjust enrichment against the

27

lateral entities.  (ECF No. 34).  The federal law claims are brought only by TTP8: (1) a violation
of Rule 10b-5(a)-(c), of Section 10(b) of the Securities and Exchange Act of 1934 by De Silva,

28

and (2) a violation of Rule 10b-5(a) and (c), of Section 10(b) of the Securities and Exchange Act
of 1934 by LIM.  (*Id*.).

James C. Mahan
U.S. District Judge

1

2

B.  <u>The proxy action</u>

The gravamen of Innovativ's proxy claims is that FTE's August 17, 2022, proxy statement and attendant cancellation notice violated federal securities laws.  (Case No. 2:22-cv-01362-CDS-VCF; ECF No. 52).

Innovativ alleges that the proxy was issued to "notice and hold an expedited shareholder meeting on August 29, 2022, and disseminate material information to FTE's shareholders to rig a vote consistent with management's wishes."  (*Id*. at 9).  The shareholder meeting never took place.  (ECF No. 93 at 25).  Moreover, Innovativ alleges that the proxy contained defamatory statements and material misrepresentations and omissions.  (*See* Case No. 2:22-cv-01362-CDS-VCF; ECF No. 52).

On November 9, 2022, Innovativ's complaint was dismissed, without prejudice, but it was given leave to amend.  (Case No. 2:22-cv-01362-CDS-VCF; ECF No. 48).  The proxy action charges FTE, Beys, and De Silva with two federal law violations.[4]

## II.     **The Derivative Action**

The court converts defendants' motion to dismiss into one for summary judgment.  The court, on a motion to dismiss, is limited to the allegations contained in the complaint.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  Affidavits and declarations "are not allowed as pleading exhibits unless they form the basis of the complaint."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

"A motion under Federal Rule of Civil Procedure 12(b)(6) or 12(c) may be treated as a motion for summary judgment only if the court affords all parties reasonable notice."  *Mayer v.*

---

[4]  The first cause of action alleges that FTE violated Section 14(a) and Rule 14a-9 of the Exchange Act.  (Case No. 2:22-cv-01362-CDS-VCF; ECF No. 52 at 20).  The second cause of action alleges that Beys and De Silva violated Section 20(a) of the Exchange Act.  (*Id*.).

*Wedgewood Neighborhood Coalition*, 707 F.2d 1020, 1021 (9th Cir. 1983).  "In evaluating the adequacy of notice, this circuit has determined from the record whether the party against whom summary judgment was entered was fairly apprised that the court would look beyond the pleadings and thereby transform the 12(b) motion to dismiss into one for summary judgment."  *Portland Retail Druggists Association v. Kaiser Foundation Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981).

The Ninth Circuit's notice requirement has been met.  Defendants' motion to dismiss clearly states that it was alternatively a motion for summary judgment.  (ECF No. 93).  In fact, TTP8 responded to part of defendants' arguments for summary judgment.  (ECF No. 100).  Thus, because the court considers defendants' declarations, it converts the instant motion to dismiss into one for summary judgment.

A.  Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Information may be considered at the summary judgment stage if it would be admissible at trial.  *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence.  Rather, it draws all inferences in the light most

James C. Mahan
U.S. District Judge

favorable to the nonmoving party.  *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

When the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

However, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial.  *See Celotex*, 477 U.S. at 324.  If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

B.  <u>Discussion</u>

As an initial matter, the court does not find it necessary for TTP8 to conduct additional discovery and therefore denies its request.  TTP8 has failed to show that the sought-after facts are essential to resist summary judgment.  *See State of Cal., on Behalf of California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

1.  Personal and subject matter jurisdiction

Defendants argue that two jurisdictional issues arise from plaintiffs' derivative action. First, they argue that this court lacks personal jurisdiction over the lateral entities (other than LIM).  (ECF No. 93 at 16).  Plaintiffs argue that specific personal jurisdiction exists because De Silva was an agent of the lateral entities.  (ECF No. 100 at 21).

Two categories of personal jurisdiction exist: (1) general jurisdiction and (2) specific jurisdiction.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). De Silva is the CEO of LIM and he controlled the lateral entities.  (ECF No. 34 at 8).  Thus, his contacts are imputed to the lateral entities and the court has specific personal jurisdiction over them.  *See generally Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1025 (9th Cir. 2017).

Defendants also argue that the court should not exercise supplemental jurisdiction over plaintiffs' state law claims because the federal law claims must be dismissed.  (ECF No. 93).  For the reasons stated below, the federal law claims do not survive summary judgment.  Because this court lacks an independent basis for jurisdiction over the state law claims, it will decline to exercise supplemental jurisdiction and dismisses those claims as well.

. . .

. . .

James C. Mahan
U.S. District Judge

- 6 -

2. TTP8's federal law claims

TTP8 alleges that De Silva and LIM violated Rule 10b-5 of Section 10(b) of the Securities and Exchange Act of 1934. (ECF No. 34 at 45-51).

SEC Rule 10b-5 states, in relevant part,

> It shall be unlawful for any person . . . (a) [t]o employ any device, scheme, or artifice to defraud, (b) [t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made . . . not misleading, or (c) [t]o engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5(a)-(c).

The first type of proscribed activity, brought under subsections (a) and (c), has been deemed "scheme liability."[5]  *E.g.*, *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 709 (9th Cir. 2021).  The second type of proscribed activity, making material misrepresentations or omissions, is brought under subsection (b) of Rule 10b-5.[6]  *Compare Plumber & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 105 (2d Cir. 2021) (scheme liability) *with Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 38 (2011) (material misrepresentations or omissions).

---

[5] The elements for scheme liability are: "(1) that the defendant committed a deceptive or manipulative act, (2) in furtherance of the alleged scheme to defraud, (3) with scienter, and (4) reliance."  *Plumber & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 105 (2d Cir. 2021).  The scheme must "encompass […] conduct beyond those misrepresentations or omissions."  *WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1057 (9th Cir. 2011) (quoting 17 C.F.R. § 240, SEC Rules 10b-5(a) and (c)).

[6] The elements for a claim of material misrepresentation or omissions are: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation."  *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 38–38 (2011) (citations omitted).

James C. Mahan
U.S. District Judge

TTP8 alleges that De Silva violated subsections (a), (b), and (c), while LIM violated only subsections (a) and (c).  (ECF No. 34 at 45-51).

An action brought under Section 10(b) and Rule 10b-5 is limited to actual purchasers or sellers of securities.  *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 730 (1975).  TTP8 alleges that it "entered into a 'purchase' pursuant to 15 U.S.C. § 78c(a)(13) of a 'sale' pursuant to § 78c(a)(14) of a substantial quantity of stock in FTE."  (ECF No. 34 at 46; 49).  Defendants contend that TTP8 did not have, and still does not have, a legally valid right, title, or interest in the debt owed to TBK Partners 327, LLC and Suwyn Investments, LLC.  (ECF No. 93 at 11).

A threshold issue is whether TTP8 owned the debt that was used in exchange for FTE stock.  If it did not own the debt, TTP8 cannot charge defendants with Rule 10b-5 violations and further make a showing sufficient to establish an economic loss.  Chris Ferguson, the manager of TBK Partners 327, LLC's declaration states that TTP8 never acquired legal right, title, and interest in the subject debt.  (ECF No. 94, Ex. 1).  Mark Suwyn, the manager of Suwyn Investments, LLC states the same.  (*Id.*).

TTP8 has not produced any competent evidence, as to the ownership of the debt, showing a genuine issue for trial.  *See Celotex*, 477 U.S. at 324.  Rather, its complaint and opposition rely solely on conclusory allegations that are unsupported by factual data, which is not sufficient to defeat a motion for summary judgment.  *See List*, 880 F.2d at 1045.

Defendants also contend that TTP8 and Suneet Singal (TTP8's then representative) approached FTE and De Silva with the debt cancellation transaction.  (ECF No. 93 at 28).  The declaration of Beys explicitly states that "[on October 22, 2019,] TTP8's principal, Mr. Singal: (1) proposed to FTE that TTP8 acquire certain debt held by certain third parties (TBK 327 Partners and Suwyn Investments); and (2) proposed a subsequent related transaction whereby, in

exchange for cancelling such debt that TTP8 had still to acquire, FTE would issue TTP8 shares of its common stock." (ECF No. 94, Ex. 1 at 3).

TTP8's opposition does not negate defendants' argument with any competent evidence showing a genuine issue of material fact as to whether it relied on any misrepresentations or scheme, or both by De Silva and LIM.

Moreover, TTP8 has failed to provide this court with any evidence that it suffered any economic loss as required under a Rule 10b-5 claim. TTP8 simply states that it "suffered significant damages." It has relied solely on conclusory allegations that are unsupported by factual data. *See List*, 880 F.2d at 1045.

The court finds that defendants have met their burden by presenting evidence to negate elements of TTP8's federal law claims and have also demonstrated that TTP8 has failed to make a showing sufficient to establish its federal law claims. *See Celotex Corp.*, 477 U.S. at 323–24. Summary judgment is appropriate as to TTP8's federal law claims against De Silva and LIM. As stated below, because no federal law claims remain, the court declines to exercise supplemental jurisdiction over the remaining state law claims.

## III.     The Proxy Action

### A.  Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of

James C. Mahan
U.S. District Judge

the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must

James C. Mahan
U.S. District Judge

- 10 -

1

2

3

4

> contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

5

6

7

8

District courts apply federal pleading standards to state law claims in federal court.  *See Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (applying federal pleading standards to action removed from state court).

9

10

11

12

13

14

The court, on a motion to dismiss, is limited to the allegations contained in the complaint. *City of Los Angeles*, 250 F.3d at 688.  "A court may, however, consider certain materials— documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908.

15

16

17

18

19

20

21

22

23

24

25

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment.  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

26

27

28

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

B.  <u>Discussion</u>

Innovativ alleges that FTE violated Section 14(a) and Rule 14a-9 of the Exchange Act, while Beys and De Silva violated Section 20(a) of the Exchange Act.  (Case No. 2:22-cv-01362-CDS-VCF; ECF No. 52 at 18-21).

1.  Section 14(a) and Rule 14a-9

To state a claim under Section 14(a) and Rule 14a-9, "a plaintiff must establish that (1) a proxy statement contained a material misrepresentation or omission which (2) caused the plaintiff injury and (3) that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction." *New York City Employees' Ret. Sys. v. Jobs*, 593 F.3d 1018, 1022 (9th Cir. 2010), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

Section 14(a) plaintiffs must plead both economic loss and proximate causation.  *Id.*  (citing *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005)).  In well-pleaded Section 14(a) claims, loss causation connects the proxy misstatements with an actual economic harm.  *Id.*  (citing *Grace v. Rosenstock*, 228 F.3d 40, 46 (2d Cir. 2000); see also *Dura*, 544 U.S. at 347 (faulting plaintiffs for not providing defendants notice of the relevant economic loss and the causal connection between that loss and the misrepresentation).

Private Section 14(a) plaintiffs "must meet the heightened pleading standards of the PSLRA."  *Stoneridge Inv. Partners, LLC v. Scientific—Atlanta*, 552 U.S. 148, 165 (2008).  Innovativ has failed to allege loss causation connecting the alleged proxy misstatements with an actual economic harm.  Nowhere in the amended complaint does Innovativ allege that it has suffered any economic harm.  Moreover, the shareholder meeting itself never took place.  (ECF No. 102 at 14).  Therefore, it has failed to state a claim and dismissal is proper.

James C. Mahan
U.S. District Judge

- 12 -

1

2.  Section 20(a)

2

Innovativ alleges a claim under Section 20(a) in connection with its Section 14(a) claim

3

against Beys and De Silva.  (Case No. 2:22-cv-01362-CDS-VCF; ECF No. 52 at 18-20).  Section

4

5

20(a) claims require an underlying primary violation of the securities laws.  *See In re Rigel*

6

*Pharms., Inc. Secs. Litig., Inter-Local Pension Fund GCC/IBT v. Deleage*, 697 F.3d 869, 886

7

(9th Cir. 2012).  Because Innovativ does not have standing to pursue its Section 14(a) claim, it

8

does not have standing to pursue its Section 20(a) claim.  *See In re Cutera Sec. Litig.*, 610 F.3d

9

1103, 1113 n.6 (9th Cir. 2010).

10

11

Innovativ was given an opportunity to amend its complaint and it has since failed to

12

correct its deficiencies.  Further leave to amend would be futile because Innovativ cannot cure

13

the complaint's deficiencies.  *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir.

14

2010).  Therefore, the court dismisses the complaint (Case No. 2:22-cv-01362-CDS-VCF; ECF

15

No. 52), with prejudice.

16

17

Because no federal law claims remain, the court declines to exercise supplemental

18

jurisdiction over the remaining state law claims.  *See City of Colton v. Am. Promotional Events,*

19

*Inc.-W.*, 614 F.3d 998, 1008 (9th Cir. 2010) (holding that the district court acted within its

20

discretion in declining to exercise supplemental jurisdiction after granting summary judgment on

21

all federal claims).

22

**IV.   Conclusion**

23

24

Accordingly,

25

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to

26

dismiss (ECF No. 93) is converted, in part, into a motion for summary judgment pursuant to Fed.

27

R. Civ. P. 56.

28

**James C. Mahan**
**U.S. District Judge**

- 13 -

IT IS FURTHER ORDERED that defendants' motion for summary judgment (ECF No. 93) as to the derivative claims (ECF No. 34), be and the same, is hereby, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss (ECF No. 93) the proxy claims (Case No. 2:22-cv-01362-CDS-VCF; ECF No. 52), be and the same, is hereby, GRANTED.

IT IS FURTHER ORDERED that Innovativ's amended complaint (*Id.*) is DISMISSED, with prejudice.

The clerk of the court is INSTRUCTED to lift the stay in this case.

As no claims remain, the clerk of the court is INSTRUCTED to enter judgment in favor of defendants and close this case.

DATED September 30, 2024.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 14 -